COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


AT&T CORPORATION
AND
GATES MCDONALD & COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 0171-99-4                  PER CURIAM
                                           JUNE 22, 1999
MARIA A. LEWIS-THOMAS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (James C. Joyce, Jr.; Monica L. Taylor;
               Gentry, Locke, Rakes & Moore, on brief), for
               appellants.

               No brief for appellee.


     AT&T Corporation and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

(commission) erred in finding that Maria Lewis-Thomas (claimant)

proved that she was totally disabled during the period from

October 25, 1995 through December 4, 1995 as a result of her

compensable October 17, 1995 injury by accident.  Upon reviewing

the record and opening brief, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The medical evidence established that Dr. Rochelle Hardy, claimant's initial treating physician, excused her from work beginning October 18, 1995 through October 23, 1995. In an October 23, 1995 disability slip, Dr. Hardy released claimant to return to work on October 24, 1995. When Dr. Hardy examined claimant again on October 30, 1995, she noted that claimant had attempted to return to work on October 24, 1995, but was forced to stop working due to severe back pain. Dr. Hardy noted that claimant had not worked since October 24, 1995. Dr. Hardy advised claimant to continue her medications and heat treatment. She also noted that she would consider recommending physical therapy after she received the results of certain x-rays.

Claimant testified that based upon Dr. Hardy's statements, she believed that she was to remain out of work until her appointment with an orthopedist.

On November 13, 1995, Dr. David Johnson, a neurologist, performed an independent medical examination of claimant. Dr. Johnson recommended that claimant undergo four weeks of physical therapy. Dr. Johnson opined that claimant might be able to return to restricted-work duty within a couple of weeks. On that same date, Dr. Hardy referred claimant to begin physical therapy.

-

Claimant began physical therapy on November 20, 1995. Dr. Hardy referred claimant to Dr. Rafael A. Lopez, an orthopedic surgeon. On December 5, 1995, Dr. Lopez first examined claimant. He ordered an MRI and excused claimant from work at least until her next office visit. A December 11, 1995 MRI revealed "[m]ulti-level degenerative disc changes at L3-S1, with minimal-moderate left lateral disc herniation at L4-L5 superimposed on a minimal diffuse disc bulge."

The medical records of Drs. Hardy, Johnson, and Lopez, coupled with claimant's testimony, constitute credible evidence to support the commission's finding. Based upon that evidence, the commission, as fact finder, could reasonably infer that claimant remained totally disabled during the period from October 25, 1995 through December 4, 1995. Although Dr. Hardy released claimant to return to work on October 24, 1995, claimant was not able to continue working due to severe back pain. On October 30, 1995, when Dr. Hardy learned of claimant's unsuccessful attempt to return to work and her continuing back symptoms, she did not recommend that claimant try to return to work, instead she referred her for physical therapy and for treatment by Dr. Lopez. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico Co. Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

-

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>